1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WILLIAM CORTINAS,                No.  2:21-cv-02291-CKD

12                 Plaintiff,

13        v.                                ORDER

14   COLVIN, et al.,

15                 Defendants.

16

17        Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action

18   filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

19   pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    **I.     Screening Standard**

2         The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

11   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13   Cir. 1989); Franklin, 745 F.2d at 1227.

14        In order to avoid dismissal for failure to state a claim a complaint must contain more than

15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16   of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

19   upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

22   at 678. When considering whether a complaint states a claim upon which relief can be granted,

23   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

24   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974).

26   **II.     Allegations in the Complaint**

27        At all times relevant to the allegations in the complaint, plaintiff was a mobility impaired

28   inmate at California State Prison-Sacramento ("CSP-Sac"). On March 17, 2020 plaintiff was

1 being escorted back to his cell in handcuffs by defendant Colvin.  During the transport, defendant

2 Colvin squeezed plaintiff's left arm and dug his fingers into plaintiff's pre-existing arm wound.

3 He also punched plaintiff twice in the lower back.  Plaintiff filed an inmate grievance

4 complaining about defendant Colvin's conduct.  In retaliation for filing this inmate grievance,

5 defendant Brooks grabbed plaintiff's penis and squeezed it on March 24, 2020.  Plaintiff suffered

6 pain in his genital area for weeks as a result.

7      Plaintiff also alleges that Chief Deputy Warden Stewart ordered medical staff to remove a

8 medical hold on plaintiff from November 29, 2021 until May 2022 which resulted in the denial of

9 plaintiff's scheduled cervical disc replacement surgery.  Plaintiff was left in extreme pain without

10 the necessary surgery.  The complaint alleges that this was done in retaliation for the filing of

11 another staff complaint by plaintiff.

12      Plaintiff also contends that on December 7, 2021, defendants Stewart, Luckie, and Baker

13 placed plaintiff on a transfer list knowing of his extensive enemies in various prison gangs.  This

14 placed plaintiff at risk of harm.

15      By way of relief, plaintiff seeks a temporary restraining order preventing his transfer to

16 the California Medical Facility as well as compensatory and punitive damages.

17     **III.**    **Legal Standards**

18     **A.  Linkage**

19      The civil rights statute requires that there be an actual connection or link between the

20 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

21 Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

23 constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

24 in another's affirmative acts or omits to perform an act which he is legally required to do that

25 causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

26 Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

27 link each named defendant with some affirmative act or omission that demonstrates a violation of

28 plaintiff's federal rights.

### B.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  A prison transfer may also constitute an adverse action.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### IV.   Analysis

After conducting the required screening, the court finds that plaintiff sufficiently alleges an Eighth Amendment excessive force claim against defendant Colvin, an Eighth Amendment sexual assault claim against defendant Brooks, and an Eighth Amendment deliberate indifference claim against defendant Stewart.  However, the allegations fail to adequately plead a First Amendment retaliation claim against defendants Stewart, Luckie, and Baker.  While a prison transfer may constitute an adverse action, plaintiff does not allege that the exercise of his First Amendment rights was chilled by defendants' conduct or that there was no legitimate correctional goal for his transfer to a different prison.  Thus, plaintiff may choose to proceed on the Eighth Amendment claims found cognizable against defendants Colvin, Brooks, and Stewart, or he may attempt to cure the defects with respect to the retaliation claims by filing a first amended complaint.  Plaintiff has been provided with the applicable legal standards for the First Amendment retaliation claims and will be given an opportunity to file an amended complaint to attempt to cure the defects in his pleading should he choose to do so.

Plaintiff may elect to amend his complaint to attempt to cure the deficiencies identified in

1    this screening order.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)

2    (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

3    their complaints).  If plaintiff chooses to proceed on the Eighth Amendment claims against

4    defendants Colvin, Brooks, and Stewart found cognizable in this screening order, the court will

5    construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to

6    Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

7         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

8    complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

9    Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

10   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

11   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

12   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

13   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

14   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

16   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

17   complaint be complete in itself without reference to any prior pleading.  This is because, as a

18   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

19   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

20   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

21   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22        **V.    Plain Language Summary for Pro Se Party**

23        The following information is meant to explain this order in plain English and is not

24   intended as legal advice.

25        Some of the allegations in the complaint state claims for relief against the defendants, and

26   some do not.  You must decide if you want to (1) proceed immediately on the Eighth Amendment

27   claims against defendants Colvin, Brooks, and Stewart; or, 2) amend the complaint to fix the

28   problems identified in this order with respect to the remaining claims and defendants.  **Once you**

5

1  **decide, you must complete the attached Notice of Election form by checking only one box**

2  **and returning it to the court.**

3  Once the court receives the Notice of Election, it will issue an order telling you what you

4  need to do next.  If you do not return this Notice, the court will order service of the complaint

5  only on the claims found cognizable in this screening order and will recommend dismissing the

6  remaining claims and defendants.

7  Accordingly, IT IS HEREBY ORDERED that:

8  1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

9  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

10  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

11  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

12  California Department of Corrections and Rehabilitation filed concurrently herewith.

13  3. Plaintiff has the option to proceed immediately on the Eighth Amendment claims

14  against defendants Colvin, Brooks, and Stewart.  In the alternative, plaintiff may choose to amend

15  the complaint to fix the deficiencies identified in this order with respect to the remaining claims

16  and defendants.

17  4. Within 21 days from the date of this order, plaintiff shall complete and return the

18  attached Notice of Election form notifying the court whether he wants to proceed on the screened

19  complaint or whether he wants time to file a first amended complaint.

20  5.  If plaintiff fails to return the attached Notice of Election within the time provided, the

21  court will construe this failure as consent to dismiss the deficient claims and proceed only on the

22  cognizable claims identified above.

23  6.  Plaintiff's Ex Parte Motion to Correct a Typo (ECF No. 8) is granted to the extent that

24  the Chief Deputy Warden of CSP-Sac is referred to herein as Stewart.  The docket shall reflect

25  this spelling of defendant Stewart's name.

26  /////

27  /////

28  /////

1        7.  To the extent that the complaint seeks a temporary restraining order preventing

2    plaintiff's transfer, the request is denied as moot.  A review of the docket indicates that plaintiff

3    updated his address to the California Medical Facility on or about January 14, 2022.  <u>See</u> ECF

4    Nos. 9-10.

5    Dated:  April 1, 2022

6                                     CAROLYN K. DELANEY

7                                     UNITED STATES MAGISTRATE JUDGE

13   12/cort2291.option.docx

7

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11   LARRY WILLIAM CORTINAS,                    No.  2:21-cv-02291-CKD

12          Plaintiff,

13   v.                                         NOTICE OF ELECTION

14   COLVIN, et al.,

15          Defendants.

16

17   **Check only one option:**

18   _____   Plaintiff wants to proceed immediately on the Eighth Amendment claims against

19   defendants Colvin, Brooks, and Stewart.  Plaintiff voluntarily dismisses the remaining claims and

20   defendants; **or**

21   _____   Plaintiff wants time to file a first amended complaint.

22

23   DATED:

24

25

26                                             _____

27                                             Plaintiff

28

8