UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>             Plaintiff,<br><br>      v.<br><br>COLVIN, et al.,<br><br>             Defendants. | No. 2:21-cv-2291-DAD-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On November 1, 2024, defendants filed a motion to revoke plaintiff's in forma pauperis status and to dismiss the complaint and/or to dismiss the complaint for failure to prosecute. (ECF No. 59.) Plaintiff has not opposed the motion.

On January 17, 2024, the court advised plaintiff that all motions to dismiss shall be briefed pursuant to Local Rule 230(l). (ECF No. 47 at 6.) In addition, by order filed December 4, 2024, plaintiff was ordered to file a response to the defendants' pending motion or face dismissal of this action. (ECF No. 59.) Plaintiff was specifically cautioned that failure to comply with that order would result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Id.) The time granted has expired, and plaintiff has not complied with the order or otherwise responded to the court.

////

1

1    "District courts have inherent power to control their dockets" and, in exercising that
2    power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City
3    of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a
4    party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g.,
5    Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with
6    a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th
7    Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d
8    1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).
9    In determining whether to dismiss an action, the court must consider several factors: (1) the
10   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
11   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
12   their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440
13   (9th Cir. 1988).

14   The court has considered the five factors set forth above. The first two factors strongly
15   support dismissal of this action. Plaintiff's failure to comply with the Local Rules and the court's
16   order dated January 17, 2024, suggests plaintiff has abandoned this action. The third factor,
17   prejudice to defendants from plaintiff's failure to oppose the motion, slightly favors dismissal.
18   Plaintiff's failure to oppose the motion has already caused delay of this action, and a presumption
19   of injury arises from unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d
20   522, 524 (9th Cir. 1976). The fifth factor also favors dismissal. The court advised plaintiff of the
21   requirements under the Local Rules and granted additional time to oppose the pending motion, to
22   no avail. Thus, the court finds no suitable alternative to dismissal of this action.

23   The fourth factor, public policy favoring disposition of cases on their merits, does not
24   weigh in favor of dismissal as a sanction. However, the factors supporting dismissal outweigh this
25   factor. Accordingly, this action should be dismissed for plaintiff's failure to prosecute.

26   For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

27   1. Defendants' motion to dismiss or, in the alternative, to revoke plaintiff's in forma
28   pauperis status (ECF No. 58) be GRANTED to the extent defendants seek dismissal of this action

for plaintiff's failure to prosecute.

2. This action be DISMISSED without prejudice based on plaintiff's failure to prosecute. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 15, 2025

*[signature]*

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, cort2291.nooppo.fr

3