1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WILLIAM CORTINAS,                  No.  2:21-cv-2291 DAD CKD P

12              Plaintiff,

13        v.

14   COLVIN, et al.,

15              Defendants.

16

17   LARRY WILLIAM CORTINAS,                   No.  2:24-cv-0130 DAD CKD P

18              Plaintiff,

19        v.

20   STEWART,

21              Defendant.

22

23                      FINDINGS AND RECOMMENDATIONS

24

25        Plaintiff is a Stanislaus County Jail inmate proceeding with claims arising under 42 U.S.C.

26   § 1983 and the Eighth Amendment.  The defendants in case number 2:21-cv-2291 are Colvin and

27   Brooks.  On January 10, 2024, plaintiff's claim against defendant Stewart was severed from 2:21-

28

1    cv-2291 and case number 2:24-cv-0130 was opened.  Defendant Stewart is the only defendant in

2    2:24-cv-0130.  Two matters presented in both cases are before the court.

3    1.  Motion for Revocation of In Forma Pauperis Status

4         Before plaintiff's claim against defendant Stewart was severed, plaintiff was granted leave

5    to proceed in forma pauperis.  Defendants in both cases have filed a motion to revoke plaintiff's

6    in forma pauperis status.

7         Title 28 U.S.C. § 1915(g) reads as follows:

8    
9    
10   
11   
> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

12        While incarcerated at High Desert State Prison, plaintiff commenced Cortinas v.

13   Gillingham, Jr., 5:99-cv-20730 RMW, in the United States District Court for the Northern District

14   of California.  Leave to proceed in forma pauperis was granted but the action was dismissed for

15   failure to state a claim on February 14, 2000.  Plaintiff did not appeal the dismissal.

16        While incarcerated at California State Prison, Corcoran, plaintiff commenced Cortinas v.

17   Scalia, 1:14-cv-2015 SAB, in this court.  Leave to proceed in forma pauperis was granted, but the

18   action was later dismissed on March 30, 2017, because it was clear from plaintiff's pleadings that

19   he failed to exhaust available administrative remedies before filing suit.  When it is clear from the

20   pleadings that a plaintiff has failed to exhaust available administrative remedies, dismissal is for

21   failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Albino v. Baca, 747 F.3d

22   1162, 1169 (9th Cir. 2014) (en banc).  Plaintiff did not appeal.

23        While incarcerated at California State Prison, Sacramento, plaintiff commenced Cortinas

24   v. Gates, 1:19-cv-1709 DAD SKO, in this court.  Leave to proceed in forma pauperis was

25   granted, but the action was dismissed for failure to state a claim on December 7, 2020.  The

26   dismissal for failure to state a claim was affirmed on appeal.

27        Accordingly, plaintiff has struck out under 28 U.S.C. § 1983.  In his oppositions to

28   defendants' motions, plaintiff does not argue that he should be permitted to proceed in forma

1    pauperis under the imminent danger of serious physical injury exception.  Further, when the court

2    screened plaintiff's complaint, as the court is required to do under 28 U.S.C. § 1915A(a), the

3    court found that plaintiff could only proceed on claims for damages for past wrongs, not on any

4    claims for injunctive relief or regarding any ongoing threat of serious physical injury which, in

5    effect, was a finding that plaintiff had not adequately alleged the imminent danger of serious

6    physical injury.

7         In light of the foregoing, the court will recommend that plaintiff's in forma pauperis status

8    be revoked and that plaintiff be ordered to pay the filing fee.

9    II.  Motion to Dismiss

10        Defendants in both cases seek dismissal based upon plaintiff's failure to keep the court

11   apprised of his address in violation of Local Rule 183.  Plaintiff updated his address after the

12   defendants' motions were filed, and defendants do not show cause that dismissal is still

13   appropriate for a violation of Local Rule 183.  Therefore, the court will recommend that

14   defendants' motions to dismiss for violation of Local Rule 183 be denied.

15        Accordingly, IT IS HEREBY RECOMMENDED that:

16        1.  Defendants' motions to revoke plaintiff's in forma pauperis status (ECF No. 58 in

17   2:21-cv-2291 and ECF No. 57 in 2:24-cv-0130) be granted;

18        2.  Plaintiff's in forma pauperis status be revoked;

19        3.  Plaintiff be ordered to pay the $350 filing fee in case 2:21-cv-2291 DAD P;[1]

20        4.  Defendants' motions that this action be dismissed for plaintiff's failure to keep the

21   court apprised of his address be denied.

22        These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   _____

[1]  The filing fee for this action is currently $405 but was $350 when plaintiff filed his complaint.

27   Further, as the court previously ordered that plaintiff was not required to pay the filing fee in both
     cases (ECF No. 46 in both cases at 2), plaintiff should only be required to pay the fee in  2:21-cv-

28   2291 DAD CKD P.

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be served and filed within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  August 20, 2025

6   _____
    CAROLYN K. DELANEY
7   UNITED STATES MAGISTRATE JUDGE

8

9

10  1
    cort2291.3ks
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28